Jamie S. Kilberg, OSB No. 110465
jamie@kauffmankilberg.com
KAUFFMAN KILBERG LLC
1050 SW Sixth Avenue, Suite 1414
Portland, OR  97204
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

    Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| EMILY C. CONROY, | Case No.: 3:20-cv-00366 |
| Plaintiff, | COMPLAINT |
| v. | Invasion of Privacy; Intentional Infliction of Emotional Distress; Injunctive Relief |
| THE UNIVERSITY OF SOUTH CAROLINA PRESS, UNIVERSITY OF SOUTH CAROLINA, and KATHERINE CLARK, | JURY TRIAL DEMANDED |
| Defendants. | |

1.

Plaintiff Emily C. Conroy brings this action against The University of South Carolina Press, the University of South Carolina, and Katherine Clark to redress an egregious invasion of Plaintiff's privacy.  For the sake of authoring and marketing salacious details of the life of the now-deceased author, Pat Conroy, Defendants revealed private, deeply personal information

Page 1   -   COMPLAINT

about Plaintiff's past from more than 30 years ago without seeking her consent. Defendants published these details in Defendant Clark's 2018 book, *My Exaggerated Life*, purporting to be an oral autobiography of Pat Conroy, as told to Defendant Clark. The revelation of Plaintiff's private information has caused her substantial physical and emotional distress.

### PARTIES, JURISDICTION, AND VENUE

2.

Plaintiff Emily Conroy is an individual residing in Multnomah County, Oregon, within the District of Oregon.

3.

Defendant The University of South Carolina Press (the "USC Press") is a publishing company founded in 1944 in South Carolina as the publishing arm of the University of South Carolina. Upon information and belief, Defendant USC Press is located in Richland County, South Carolina, in the District of South Carolina, and maintains its principal place of business in South Carolina.

4.

Defendant University of South Carolina ("Defendant University" or "USC") is a public university located in Richland County, South Carolina, in the District of South Carolina, and maintains its principal place of business in South Carolina.

5.

Upon information and belief, Defendant Katherine Clark is an individual residing in Alabama.

6.

This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1332(a)(1) and 1367.

7.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**BACKGROUND**

8.

Plaintiff Emily Conroy was born Emily Fleischer, the daughter of the late Dr. Alan Fleischer and Lenore Fleischer. Emily's parents divorced when she was young, and Lenore Fleischer later married novelist Pat Conroy. Pat Conroy is the author of numerous books, including *The Great Santini*, *The Prince of Tides*, and others.

9.

When Emily was young, and for many years, Dr. Fleischer savagely and repeatedly raped and sexually abused Emily.

10.

The abuse came to light in 1985 when Emily, then 11 years old, confided in a therapist. She later revealed the abuse to her mother and her step-father.

11.

In August 1986, Dr. Fleischer was indicted on one count of child molestation in DeKalb County, Georgia. At the time, he lived in Arizona. Georgia declined to extradite Dr. Fleischer, citing the further trauma a trial would cause Emily, and Dr. Fleischer never faced justice for his crimes.

12.

In the late 1980s, several newspaper articles were written about the allegations against Dr. Fleischer. None of the articles named or identified Emily as the victim of his crimes. Nor did any of the articles detail the full horror of the acts he perpetrated on his own daughter. On information and belief, after approximately 1990, no significant information was in the public domain about Dr. Fleischer's abuse or about Emily.

13.

Emily endured unimaginable trauma as a result of the abuse she suffered at the hands of her father. She is an intensely private person, and very few people know either that she was Pat Conroy's step-daughter or that her own father sexually abused her. Emily intentionally sought to keep her family history and her own history of sexual abuse out of the public eye.

14.

Emily's nearly 30 years of hard-earned privacy collapsed following the deaths of Pat Conroy in March 2016 and Dr. Fleischer in May 2016. Following Pat Conroy's death, Defendants and others sought to capitalize on their associations with Pat Conroy for their own personal gains.

15.

In 2018, Defendant Clark put together a series of oral statements allegedly made by Pat Conroy and with his consent, in the form of an oral autobiography. Defendants USC and USC Press agreed to publish Clark's book, entitled *My Exaggerated Life* (the "Book"). The Book was published on March 5, 2018.

16.

In the Book, Defendant Clark specifically names Emily as the victim of Dr. Fleischer's abuse.  The book also reveals graphic details of the abuse Emily suffered that had not before been published or otherwise made public.

17.

At no time prior to publishing the Book did any of the Defendants attempt to communicate with Emily or seek her permission to reveal private information about her abuse.

18.

On information and belief, Defendants USC and USC Press market their publications, including the Book, worldwide through their website (http://www.sc.edu/uscpress/) and through online retailers such as Amazon.com, BarnesandNoble.com, Booksamillion.com, and others—which are all readily available in Oregon.  On information and belief, Defendants have specifically targeted Oregon as a market for the Book and, as of the filing of this Complaint, the Book is in stock at Powell's Books in Portland, Oregon.

19.

On information and belief, Defendant Clark was aware of Defendants USC and USC Press's marketing of their publications, including the Book, and thereby intended to target sales of the Book worldwide, including in Oregon.

20.

Since the revelations of Emily's abuse have been published, she has suffered substantial physical and emotional distress, including but not limited to depression, anxiety, post-traumatic stress disorder, auto-immune disorders, and other chronic conditions.  These conditions were

caused by or exacerbated by Defendants' publication of the Book.  Plaintiff estimates her damages exceed $5 million.

## CLAIMS FOR RELIEF

### Count One: Invasion of Privacy (All Defendants)

21.

Plaintiff realleges and incorporates paragraphs 1-20.

22.

The facts disclosed in the Book about Emily's sexual abuse are private facts.

23.

Emily's abuse in the 1970s and 1980s was not newsworthy when Defendants published the Book in 2018, and it is not newsworthy now.  Emily is not a public figure, and she has sought to live a private life.  The information is not of legitimate concern to the public.

24.

The Defendants disclosed those private facts to the public generally through the nationwide publication of the Book.

25.

Disclosure of the intimate details of Emily's abuse, including without seeking and obtaining her consent, is highly objectionable and would be highly offensive to a reasonable person.

26.

The Defendants acted wrongfully in publishing the private facts at issue.  Numerous details asserted by Pat Conroy to Defendant Clark differed from the information that was in the public domain in the late 1980s.  Defendants made no effort to verify their veracity or to seek

Emily's permission to tell her story—precisely because they likely knew or believed that, had they asked, Emily would have refused permission to publish her private information.

27.

Through their actions detailed herein—including publishing previously undisclosed and graphic details of Emily's abuse, and failing to consult with Emily when discrepancies emerged between Pat Conroy's alleged recent retelling of the abuse and prior limited public information—Defendants published the Book in a socially intolerable manner.

28.

As a result of the Defendants' conduct, Emily has suffered damages including severe physical and emotional distress.

**Count Two: Intentional Infliction of Emotional Distress (All Defendants)**

29.

Plaintiff realleges and incorporates paragraphs 1-27.

30.

In publishing details about Emily's abuse, the Defendants intended to inflict severe emotional distress on her.  Alternatively, Defendants knew that such distress was certain or substantially certain to result from the publication of the details about the abuse.

31.

Defendants' actions in (1) not seeking Emily's approval to reveal details about her abuse, (2) publicly revealing by name that she was in fact the victim of Dr. Fleischer's abuse, and (3) disclosing intimate details not previously publicized about the depraved nature of the abuse, were an extraordinary transgression of the bounds of socially tolerable conduct.

32.

Defendants' actions in fact caused Emily severe emotional distress.

**Count Three: Injunctive Relief (All Defendants)**

33.

Plaintiff realleges and incorporates paragraphs 1-27.

34.

The continued publication, marketing, and selling the Book will cause irreparable harm to Plaintiff, including loss of reputation, invasion of privacy, and the ongoing disclosure of intimate private facts about Plaintiff's life and trauma without her consent.

35.

While Plaintiff can receive compensation for the severe physical and emotional distress caused by Defendants' actions, Plaintiff has no adequate legal remedy to address the ongoing damage to her reputation or loss of the privacy and relative anonymity she has worked hard her entire adult life to secure.

36.

Plaintiff is entitled to injunctive relief prohibiting the marketing, distribution, and sale of the Book.

//
//
//
//
//
//

WHEREFORE, Plaintiff prays for judgment as follows:

A. Entry of judgment against all Defendants on all claims in an amount to be proven at trial, plus pre- and post-judgement interest, fees, and costs;

B. Entry of an order prohibiting the marketing, distribution, or sale of the Book; and

C. For any other relief this Court deems just and equitable.

DATED: March 5, 2020

    KAUFFMAN KILBERG LLC

*/s/ Jamie S. Kilberg*

JAMIE S. KILBERG
OSB No. 110465
Telephone: (503) 224-2595

Attorneys for Plaintiff Emily C. Conroy