# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **EMILY CATHERINE CONROY**, | Case No. 3:20-cv-366-SB |
| Plaintiff, | **ORDER** |
| v. | |
| **KATHERINE CLARK**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation in this case on October 29, 2020. ECF 29. Judge Beckerman recommended that the Court deny Defendant Katherine Clark's anti-SLAPP motion to strike and motion to dismiss. Clark is representing herself (*pro se*) in defending against Conroy's claim.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files an objection to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Clark timely filed an objection (ECF 34), to which Conroy responded. ECF 38. Clark objects to the portion of Judge Beckerman's recommendation that the Court find that Conroy stated a claim for Invasion of Privacy and Intentional Infliction of Emotional Distress. Clark recently published a book about Conroy's stepfather. The book includes details about Dr. Alan Fleischer's (Conroy's biological father) sexual abuse of Conroy when Conroy was a child. As Conroy's Complaint acknowledges, "[i]n the late 1980s, several newspaper articles were written about" Fleischer's abuse of Conroy, but "[n]one of the articles named or identified Emily [Conroy] as the victim of [Fleischer's] crimes[,] [n]or did any of the articles detail the full horror of the acts [Fleisher] perpetrated on his own daughter." First Am. Compl. (ECF 16) at 3. The Complaint alleges that no "significant information" about Conroy's identity or the abuse she suffered has surfaced since 1990. *Id.* Clark's book, the Complaint further alleges, "reveals

graphic details of the abuse [Conroy] suffered that had not before been published or otherwise made public." *Id.* at 4.

Clark asserts that several additional newspaper articles from the late 1980s, as well several recently published books about Conroy's stepfather, have mentioned Fleischer's abuse of Conroy. Clark refers to both a 2015 book about Conroy's stepfather that named Conroy as the victim of Fleisher's abuse and a 2018 book about Conroy's stepfather that includes some discussion of Fleisher's abuse of Conroy. In her objections to Judge Beckerman's recommendations, Clark argues that Judge Beckerman should have "take[n] note of [the] undisputable fact" that "[t]he abuse of [Conroy] set forth in Dr. Clark's book was already known to the public, and had been consistently discussed in the public for many years." ECF 34 at 5.

"[W]hen the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6) '[r]eview is limited to the complaint.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The Court must take as true all factual allegations in the complaint and construe those allegations in the light most favorable to the plaintiff. *Id.* "Indeed, factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations." *Id.* For that reason, courts generally may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

The Court may, however, consider documents outside of, and not attached to, a complaint when the document is either (1) one "which a court may take judicial notice under Federal Rule of Evidence 201"; or (2) is "incorporated into the complaint by reference." *Louisiana Mun. Police Emps.' Retirement Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Rule 201 permits a court to

"judicially notice a fact that is not subject to reasonable dispute" because it either "is generally known within the trial court's territorial jurisdiction" or it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Courts may take judicial notice of publications introduced to 'indicate what was in the public realm at the time.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (quoting *Premier Growth Fund v. All. Capital Mgmt.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006)). A document may be incorporated by reference when "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). Clark does not appear to be requesting incorporation by reference.[1]

Even when taking judicial notice, however, a court may not take judicial notice of disputed facts. *Lee*, 250 F.3d at 690. For example, "[o]n a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so '*not for the truth of the facts recited therein*, but for the existence of the opinion.'" *Id.* (quoting *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999)) (emphasis added). A court errs by dismissing a complaint after taking judicial notice of disputed facts. *Id.*

Clark's objections are without merit. First, Clark has not adhered to the procedures associated with a request for judicial notice. A court must take judicial notice if a party *requests* it and *supplies* the court with the requisite information. *See* Fed. R. Evid. 201(d). "Indeed,

---

[1] Even if Clark was requesting incorporation by reference, the Court cannot incorporate by reference the books that Clark mentions. Incorporation by reference is only appropriate for documents that a plaintiff's complaint relies upon but neglects to attach. *See Ritchie*, 342 F.3d at 907. Conroy's Complaint does not rely upon any of the books that Clark references.

Federal Rule of Evidence 201(d) generally contemplates that a party will provide the copy of the document it seeks to have judicially noticed." *Caldwell v. Caldwell*, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006). That requirement is no mere formality. Rule 201 permits judicial notice only of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). Thus, parties requesting that a court take judicial notice generally must provide the court with the document to be noticed so that court can verify the document's accuracy.

Here, Clark neither formally requested judicial notice nor supplied the Court with the documents that she urges the Court to note. Clark did not file a motion or request for judicial notice before either Judge Beckerman or this Court. Instead, Clark simply referenced the books in her motion to dismiss, *see* ECF 19 at 4-5, and her objections to Judge Beckerman's Findings and Recommendation, *see* ECF 34 at 4-5.

Even if the Court were to look past Clark's failure to file a motion or request because Clark is defending this suit *pro se*, she has not made the materials that she cites available to the Court. Because Clark has not attached the cited materials, the Court cannot verify the accuracy of the documents she seeks to have judicially noticed. Nor can the Court assume that the materials say precisely what Clark claims they say. At the motion-to-dismiss stage, it is the *plaintiff's* factual allegations, not the defendant's claims, that are entitled to the presumption of truth. *See Lee*, 250 F.3d at 688 (reversing a district court's dismissal of a complaint because "in granting defendants' motion [to dismiss], assumed the existence of facts that favor defendants.") Because Clark failed to supply the Court with the materials she seeks to have judicially noticed, the Court cannot judicially notice the materials. Accordingly, Judge Beckerman did not err in

denying Clark's motion to dismiss without considering the materials that Clark sought to have judicially noticed.

But even if Clark's request that the Court take judicial notice of recently published books discussing Fleischer's abuse of Conroy were procedurally proper, Clark's objections would still likely fail, at least at this stage of the lawsuit. It is true that "[c]ourts may take judicial notice of publications introduced to 'indicate what was in the public realm at the time.'" *Von Saher*, 592 F.3d at 960 (quoting *Premier Growth Fund*, 435 F.3d at 401 n.15). Clark, however, does not simply request judicial notice, she also asks the Court to rely on the judicially noticed materials to resolve a disputed fact. *Lee* counsels that a court would likely err by granting this request. *See* 250 F.3d at 690 ("[T]he district court . . . erred by taking judicial notice of disputed matters."). For this additional reason, Judge Beckerman did not err by denying Clark's motion to dismiss without considering the materials that Clark sought to have judicially noticed.

Finally, even if the Court could both grant Clark's request for judicial notice and rely on the judicially noticed materials to resolve disputed matters, it is not clear that the materials that Clark cites resolve the disputed matters in Clark's favor. Clark points to books published in 2015 and 2018 that Clark claims name Conroy as the victim of Fleischer's abuse. If true, that would undermine Conroy's allegation that "nothing" about her abuse has been published since 1990. Conroy, however, also alleges that Clark's book additionally "reveals graphic details of the abuse [Conroy] suffered that had not before been published or otherwise made public." First Am. Compl. (ECF 16) at 4. That other books may have named Conroy as a victim of Fleischer's abuse does not refute Conroy's allegation that Clark's book contains new and especially graphic descriptions of that abuse.

Clark's objection, essentially, is that Conroy's allegations are false. When ruling on a motion to dismiss under Rule 12(b)(6), however, a court does not ask whether the allegations in the complaint are true or even probable;[2] instead, a court asks whether the allegations, which must be assumed to be true at this stage of the lawsuit, state a plausible legal claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667-69 (2007) (discussing the standard of plausibility). Clark's arguments about the truth of Conroy's allegations must wait for resolution until a motion for summary judgment, a motion for judgment as a matter of law, or a verdict by a jury.

The Court **ADOPTS** Judge Beckerman's Findings and Recommendation (ECF 29) as expanded upon in this Order and **DENIES** Clark's Motion to Dismiss Conroy's Complaint (ECF 19).

**IT IS SO ORDERED.**

DATED this 17th day of December, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[2] Clark disagrees, arguing by analogy that "[a] litigant could not claim that the USA had trespassed on her property the moon and survive a motion to dismiss, even though proof she did not own the moon would technically involve examination of extrinsic evidence." If a private plaintiff alleged in a complaint that the plaintiff "owned the moon," a court might be correct in dismissing that a lawsuit as implausible, even without extrinsic evidence. That is not this case, however.